IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DELMAS COGAR,
               Plaintiff,

v.                                                                     Civil Action No. 2:04-CV-48

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

**PER REMAND**
**MEMORANDUM, OPINION and REPORT AND RECOMMENDATION**
**SOCIAL SECURITY**

**I. Introduction**

Plaintiff, Delmas Cogar, (Claimant), filed his Complaint on July 30, 2004 seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] Commissioner filed her Answer on October 5, 2004.[2] Claimant filed his Motion for Summary Judgment and Brief in Support Thereof on May 17, 2005.[3] Commissioner filed her Motion for Summary Judgment and Brief in Support Thereof on May 17, 2005.[4] The Undersigned filed a Report and Recommendation on July 1, 2005.[5] Claimant filed objections on July 5, 2005.[6] The Honorable Robert E. Maxwell remanded

---

[1] Docket No. 1.

[2] Docket No. 5.

[3] Docket Nos. 14 and 15.

[4] Docket Nos. 16 and 17.

[5] Docket. No. 19.

[6] Docket No. 20.

the action to the Undersigned on September 30, 2005[7] for further consideration of the issues raised by Claimant in her objections.

## II. Facts

Plaintiff's Objections to Report and Recommendation of Magistrate Judge:

1. The ALJ failed to properly assess and give appropriate weight to the opinions of the treating physicians;

2. The ALJ erred in finding that Claimant did not meet Listing 11.06;

3. The ALJ erred in failing to recontact the treating physician;

4 & 5. The ALJ improperly evaluated Claimant's credibility, despite Claimant's work history;

6. The ALJ failed to properly evaluate Claimant's past relevant work; and,

7. The ALJ's hypothetical question was inadequate.

## III. Recommendation

### 1. Opinion of Treating Physicians

Claimant argues that the ALJ erred in not granting the opinions of Dr. Ahmed and Dr. Mathias controlling weight.[8]

The opinion of a treating physician will be given controlling weight if the opinion is 1)

---

[7] Docket. No. 21.

[8] Claimant also asserts that this Court's Recommendation on pages 3 and 4 did not distinguish between non-examining, examining and treating physicians. (Cl.'s Objections at 1-2). Because pages 3 and 4 contain a summary of Claimant's medical records, the Court will not speculate as to Claimant's contentions. However, in his summary judgment motion, Claimant specifically argued that the ALJ failed to properly consider the opinions of Dr. Ahmed and Dr. Mathias.

well-supported by medically acceptable clinical and laboratory diagnostic techniques and 2) not inconsistent with other substantial evidence in the case record.  20 C.F.R. § 416.927(d)(2).  See also  Evans v. Heckler, 734 F.2d 1012 (4th Cir. 1984); Heckler v. Campbell, 461 U.S. 458, 461 (1983); Throckmorton v.  U.S. Dep't of Health and Human Servs., 932 F.2d 295, 297 n.1 (4th Cir. 1990).  It is the duty of the ALJ, not the courts, to make findings of fact and resolve conflicts in the evidence.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Claimant's argument that the ALJ failed to give proper weight to the opinions of Dr. Ahmed and Dr. Mathias is without merit. The ALJ accorded Dr. Ahmed's opinion some weight, "but [did] not find it to be controlling." (Tr. 17).  Likewise, the ALJ determined that Dr. Mathias' opinion that Claimant had been disabled from all full-time work activity as of June 2, 2002 was not supported by medically acceptable clinical and laboratory diagnostic techniques. (Tr. 23).  Additionally, the ALJ found that the opinions of Dr. Mathias and Dr. Ahmed were inconsistent with other evidence of record.  Finally, the ALJ found that the opinions of Drs. Mathias and Ahmed were also inconsistent with Claimant's testimony regarding his daily activities.[9]  (Tr. 24).  Therefore, the ALJ properly assessed the opinions of Claimant's treating physicians.

## 2. Listed Impairment

Claimant contends that the ALJ erred in finding that Claimant did not meet Listing § 11.06.

Section 11.06 of the listed impairments represents Parkinsonian syndrome.  "That listing

---

[9] Claimant stated that he does chores around the house, enjoys hunting, fishing and playing a musical instrument (Omnichord), socializing with family and friends and visiting fraternal organizations.

3

requires a diagnosis of that disease, along with the following signs: 'Significant rigidity, brady kinesia, or tremor in two extremities, which, singly or in combination, result in sustained disturbance of gross and dexterous movements, or gait and station.'" (Tr. 17).

In the present case, the "claimant was provisionally diagnosed with Parkinson's disease in July 1996." (Tr. 18). However, the ALJ determined that "[s]ince June 7, 2002, the claimant has evidenced no medically determinable impairments, whether considered individually or in combination, that have presented symptoms sufficient to meet or medically equal the severity criteria for any impairment listed in Appendix 1, Subpart P, Regulation No. 4." (Tr. 17).

In this respect, the ALJ noted that "[t]he August 2003 notes of Dr. Ahmad W. Husari indicate that the claimant's Parkinson's symptoms were 'controlled.'" (Tr. 22). Additionally, psychologist Martin Levin, M.A., who completed a mental status evaluation of Claimant in August 2003, made no recorded observations as to witnessing any of the Claimant's physical difficulties such as tremors, slowness, gait disturbance or hesitancy. (Tr. 24). Dr. Levin also noted that "claimant's posture and gait were within normal limits and that he did not appear to need assistance in moving about." (Tr. 24). "The claimant was able to physically complete, with good effort, three intelligence/personality tests, including the 370-question Minnesota Multiphasic Personality Inventory -2 (MMPI-2), during the evaluation." (Tr. 24). The ALJ further stated that Claimant's "level of continued activities is inconsistent with any totally disabling limitations." (Tr. 20). Additionally, Claimant testified that he does chores around the house, enjoys hunting, fishing and playing a musical instrument (Omnichord), socializing with family and friends and visiting fraternal organizations. (Tr. 24). Therefore, the ALJ properly determined that Claimant does not meet Listing 11.06.

4

### 3. Re-contacting Medical Sources

Claimant contends that the ALJ erred when he failed to re-contact Claimant's physicians to resolve inconsistencies or ambiguities in the record.

Title 20 of the Code of Federal Regulations regarding re-contacting medical sources states that "[w]hen the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision." 20 CFR § 404.1512(e), 416.912(e). Therefore, the ALJ is only required to re-contact medical sources when he determines that additional information is needed to make a proper determination or decision.

In the present case, Claimant submitted evidence from multiple treating and examining physicians. The extensive medical records in this case clearly provide an adequate basis for the Commissioner's determination that Claimant is not disabled. Therefore, because the ALJ had sufficient evidence to make a disability determination, he not required to recontact Claimant's physicians.

### 4 & 5. Credibility Analysis and Work History

Claimant contends that the ALJ failed to follow requisites of SSR 96-7p when evaluating Claimant's credibility and symptoms. Claimant further asserts that the ALJ failed to give proper weight and credit to Claimant's past work history.

The Court finds that the ALJ did not err in assessing Claimant's credibility. Pursuant to Craig. v. Chater, 76 F.3d 585 (4th Cir. 1996), an ALJ must first consider whether Claimant has demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged. Id. at 593. The ALJ found that the "claimant has medically determinable impairments that could reasonably be expected to cause some of the symptoms described, and

the undersigned believes that the claimant does experience tremors, mild low back pain, sleep apnea and some loss of dexterity, but not to the degree, frequency or debilitating severity alleged." (Tr. 20). Second, the ALJ must consider Claimant's subjective allegations of pain in light of the entire record, including medical history, medical signs, laboratory findings and statements about how Claimant's symptoms affect him. Craig at 593. The ALJ considered Claimant's subjective complaints as well as his credibility in light of the entire record. (Tr. 18-19). Additionally, the ALJ properly evaluated the Claimant's past work history when making the credibility determination. Accordingly, the standards set in Craig have been met, and the ALJ did not err in evaluating Claimant's credibility.

### 6. Past Relevant Work

Claimant contends that the ALJ erred in finding that Claimant could perform his past relevant work.

The Standard for determining whether an individual is capable of performing past relevant work is set forth in SSR 82-62. It states that "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific finds of fact: (1) A finding of fact as to the individual's RFC; (2) A finding of fact as to the physical and mental demands of the past job/occupation; (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." Id.

In this case, the ALJ properly followed the requirements of SSR 82-62. Additionally, the ALJ specifically considered the August 11, 2003 letter prepared by Claimant's former supervisor, Ms. Nicholson. The ALJ stated that "[w]hile Ms. Nicholson's advocacy on behalf of the claimant's effort to obtain disability benefits is noteworthy and has been taken somewhat into

consideration herein, she is singularly unqualified to offer opinions as to the claimant's level of physical, mental and emotional 'dysfunction.' Her opinions as to the claimant's purported mental and emotional deficiencies are not supported by the findings of Mr. Levin, a licensed psychologist." (Tr. 25). Therefore, the ALJ properly determined that Claimant could perform his past relevant work.

### 7. Testimony of Vocational Expert

Claimant alleges that the hypothetical question propounded to the VE did not accurately account his medical limitations. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the court's judgment for that of the Secretary. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

In the present case, the hypothetical directly tracks the RFC finding. The Fourth Circuit Court of Appeals has held, albeit in unpublished opinion, that while questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record. Russell v. Barnhart, No. 02-1201, 2003 U.S. App. LEXIS 2178 (4th Cir. Feb. 7, 2003). The court further stated that the hypothetical question may omit non-severe impairments, but must included those that the ALJ finds to be severe. Id. Finally, the ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at * 5 (4th Cir. Jan. 11, 1999).

In the present case, the hypothetical was based directly on the ALJ's findings at the

fourth step of the disability evaluation and addressed all of Claimant's limitations supported by the record. These findings were based on the ALJ's comprehensive review of the objective medical evidence, functional assessments of consulting and treating physicians and Claimant's account of his daily activities. Because the ALJ's hypothetical question contained all of Claimant's limitations supported by the record, the ALJ posed a proper hypothetical question to the Vocational Expert.

For the foregoing reasons, I recommend that Claimant's Motion for Summary Judgment be DENIED and the Commissioner's Motion for Summary Judgement be GRANTED because the ALJ was substantially justified in his decision.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: February 9, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE