IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DELMAS COGAR,
        Plaintiff,

v.                              CIVIL ACTION NO. 2:04-CV-48

JO ANNE BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## **PROPOSED MEMORANDUM AND OPINION ORDER**

The Plaintiff, Delmas G. Cogar, instituted the above-styled action in this Court on July 30, 2004 seeking judicial review of an adverse final decision by the Defendent, the Commissioner of the Social Security Administration, then Jo Anne Barnhart, pursuant to 42 U.S.C. Section 405(g).

On 5/17/05 Plaintiff filed a Motion for Summary Judgment and Brief [Documents 14 & 15], and on May 17, 2005 the Defendant filed a Motion for Summary Judgment and Brief [Documents 16 & 17]. The Court referred the case to Magistrate Judge James E. Seibert on June 3, 2005 [Document 18], who filed a Report and Recommendations on July 1, 2005 [Document 19]. The Magistrate Judge recommended that the Plaintiff's Motion for Summary Judgment be DENIED and the Defendant's Motion for Summary Judgment be GRANTED.

On July 5, 2005 Plaintiff filed Objections [Document 20] to the Report and Recommendations [Document 19]. The plaintiff objected to the proposed findings: (1) that the Commissioner properly assessed and gave appropriate weight to the opinions of the treating

physicians, (2) that the Commissioner properly found that Listing 11.06 was not met, (3) that the Commissioner did not err in failing to recontact the treating physician, (4) that the Commissioner's credibility analysis was appropriate, (5) that the Commissioner properly evaluated credibility despite the plaintiff's work history of government service for thirty-four years and a veteran of the Vietnam War, accumulating to over forty years of public service, (6) that the Commissioner's evaluation of past relevant work was appropriate, and (7) that the Commissioner's ALJ proposed an adequate hypothetical question to the vocational expert.

On 9/30/05, the Court remanded the civil action to Magistrate Judge James E. Seibert for further consideration of the issues raised in Plaintiff's Objections [Document 21].

On February 9, 2006 Magistrate Judge Seibert filed a Memorandum, Opinion and Report and Recommendations [Document 22]. The Magistrate Judge proposed that the Court find: (1) that the Commissioner's ALJ properly assessed the opinions of Claimant's treating physicians; (2) that the Commissioner's ALJ properly determined that Claimant did not meet Listing 11.06; (3) that the Commissioner' ALJ had sufficient evidence to make a disability determination and was not required by the Commissioner's regulations to recontact the treating physician; (4) & (5) that the Commissioner's ALJ made a proper credibility analysis pursuant to Craig v. Chater, 76 F. 3d. 585 (4th Cir. 1996), properly evaluated the claimant's past work history and did not err in evaluating the Claimant's credibility; (6) that the Commissioner's ALJ considered the opinion of the Claimant's former supervisor and properly determined that he could perform past relevant work; and (7) that the ALJ's hypothetical question was correct because it directly tracked the ALJ's RFC findings. The Magistrate Judge again recommended that Plaintiff's Motion for Summary Judgment be DENIED and the Commissioner's Motion be GRANTED.

## Plaintiff's Objections

Plaintiff again filed Objections [Document 23] to the Magistrate Judge's Memorandum, Opinion, and Report and Recommendations [Document 22]. Plaintiff objected as follows:

**1. Plaintiff objected to the proposed findings/recommendation on pages 2-3 that the Commissioner's ALJ had properly considered the opinions of the treating physicians, Dr. Ahmed and Dr. Matthias.**

Plaintiff asserted that the reasons provided for rejecting these opinions were insufficient. The ALJ had ignored much evidence favorable to the plaintiff which supported the opinions. Further, the activities cited by the ALJ as inconsistent with these opinions [R. 24] were not inconsistent, in that it was undisputed that Plaintiff functioned reasonably well despite his Parkinson's disease and was capable of light activities for some portions of the day. One of the critical issues in these opinions was hand dysfunction and the inability to sustain for a full workday hand functions such as keyboarding which was required by Plaintiff's past work and any jobs to which his skills might transfer.[1]

**2. Plaintiff objected to the proposed findings/recommendation on pages 3-4 that the Commissioner did not err in finding that Plaintiff did not meet Listing 11.06 due to Parkinson's disease.**

Dr. Ahmed's medical opinion in a Listing Questionnaire [R. 309-311] described "moderate cogwheel rigidity on the left side, bradykinesia in the form of finger tapping bilaterally, tremors exhibited in the left leg and left arm, decreased dexterity of the hands and a disturbance in gait and station with a decreased stride, freezing, and hesitancy." The records of Dr. Ahmed described the wearing-off effect of Mr. Cogar's medications during significant

---

[1] If Plaintiff could not perform past work and had no transferable skills to other work within his physical RFC, he would be considered disabled under the Medical Vocational Guidelines of Appendix 2 of Part 4, Subpart P of 20 C.F.R., the "Grids".

portions of the day when function deteriorated. The ALJ had relied in part upon the report of psychologist Levin [R. 24]to show that plaintiff was capable of undergoing psychological testing without significant problems, but failed to cite Levin's actual opinion:

> **"When Mr. Cogar's Parkinson's symptoms are abated or minimized his emotional responses follow suite [sic]...during periods when his Parkinson's Disease flares up, Mr. Cogar has concomitant flare ups in his emotional stability."... "Mr. Cogar can expect that his emotional state can fluctuate based on his physical condition at any given time".**

Plaintiff also argued that the 'dysfunction in two extremities' was 'sustained' in that it was permanent, though temporarily alleviated by medication for significant portions of the day.

3. Plaintiff objected to the Magistrate Judge's findings/recommendation on page 5 that the ALJ did not err in failing to recontact plaintiff's physicians, Dr. Matthias [R. 298-303] and Dr. Ahmad [R. 309-311], pursuant to the Commissioner's ruling SSR 96-5p.

> **"To the extent that a treating source is usually the best source of this documentation, the adjudicator looks to the treating source for medical evidence with which he or she can determine whether an individual's impairment meets a listing. When the treating source provides medical evidence that demonstrates that an individual has an impairment that meets a listing, and the treating source offers an opinion that is consistent with this evidence, the adjudicator's finding about whether the individual's impairment(s) meets the requirements of a listing will generally agree with the treating source's opinion"** ... **"Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion."**

Plaintiff argued that Dr. Ahmed provided objective findings required by Listing 11.06 [R. 310] in support of his opinion that the Listing was met [R. 322].

4 & 5. Plaintiff objected to the findings/recommendation on pages 5-6 that the ALJ properly evaluated the plaintiff's credibility and properly considered his work history.

Plaintiff stated that the *pro forma* analysis of the Commissioner's ALJ focused on the letter of the law while ignoring the spirit of the law.

6. **Plaintiff objected to the finding/recommendation on pages 6-7 that the ALJ properly complied with SSR 82-62 in determining that Plaintiff could perform past relevant work, which was sedentary, skilled, and involved significant keyboarding [R. 346].**

Plaintiff stated that the ALJ held for naught the Cleveland Clinic treating neurologist's observation of left hand dysfunction [R. 128-171], including Dr. Ahmed [R. 310, 266-7] and the plaintiff's supervisor Nicholson's observations of plaintiff's inability to sustain function, particularly keyboarding, in his job at a reasonable pace.

7. **Plaintiff objected to the findings/recommendation on pages 7-8 that the hypothetical question of the ALJ accurately accounted for Plaintiff's medical limitations. R. 346-347.**

The ALJ had found an RFC for unrestricted, skilled sedentary work without any significant limitations from his Parkinson's disease, which limitations were supported by the longitudinal record, plaintiff's testimony, the opinion of his supervisor, and the objective medical evidence of left upper extremity dysfunction.

## Commissioner's Response to Plaintiff's Objections

On 2/27/06 the Commissioner filed a Response [Document 24] as follows:

I. **The Magistrate Judge properly found that the ALJ considered all opinions, complied with the regulations for evaluating the opinions pursuant to Craig v. Chater, 76 F.3d 585, 589, and explained his reasons for finding Dr. Ahmed's and Dr. Matthias's opinion were inconsistent with the objective medical evidence and not supported by their own progress records. Tr. 22-23.**

The Commissioner argued that the ALJ properly failed to give weight to Dr. Ahmed's opinion because it was not supported by his own records, was contradicted by other evidence of record and was based on Plaintiff's subjective complaints. The Commissioner argued that the ALJ properly failed to give weight to Dr. Matthias's opinion because it was not supported by his progress notes, was contradicted by Dr. Ahmed's opinion, and Dr. Matthias failed to give an extensive explanation with his RFC assessment, which was a form report with checked boxes.

The Commissioner argued that Plaintiff's level of continued activities was inconsistent with totally disabling limitations and contradicted Dr. Matthias's opinion.

II. Although Dr. Ahmed opined that Plaintiff met the requirements of Listing 11.06, the Commissioner's ALJ properly did not give this opinion controlling weight, as Dr. Ahmed described that Plaintiff "possibly" had Parkinson's disease. Tr.128-31, 264.

The Commissioner stated that Dr. Ahmed noted that Plaintiff had no significant change in handwriting, mild to moderate difficulty with fine motor movements, mildly slow gait without significant shuffling or freezing, and mild dyskinetic movements in the left lower extremity. Tr. 266. The Commissioner cited additional notes of Dr. Ahmed over time wherein Plaintiff came to his appointment by himself, had mild left leg rest tremor, mild postural tremor bilaterally, and other mild to moderate limitations. The Commissioner stated that progress notes did not support a significant rigidity, bradykinesia, or tremor in two extremities resulting in sustained disturbance of gross and dexterous movements or gait and station. The Commissioner cited Plaintiff's activities and physical therapist's notes regarding strength, gait and posture.

III. The Magistrate Judge properly found that the Commissioner's ALJ had sufficient evidence to make a disability determination and there was no duty to recontact Dr. Ahmed and Dr. Mathias.

IV. The Magistrate Judge properly found that the ALJ followed the mandates of **Craig v. Chater** and SSR96-7p in determining credibility.

The Commissioner argued that Plaintiff retired from his job, testified that he did not miss much work, claimed he had to work overtime to keep up with his work, and his supervisor did not indicate that Plaintiff was disciplined due to inability to keep up with his work. The Commissioner cited Plaintiff's activities as support for the findings of the Commissioner's ALJ.

V. The Magistrate Judge properly found that the Commissioner complied with **SSR 82-62** in finding that Plaintiff could perform his past work as a family support specialist.

Page 6 of 10

The Commissioner argued that the ALJ found that this job entailed inherent flexibility, included no mandatory lifting, climbing, balancing, exposure to hazards and included a sit/stand option. The ALJ had explained why the opinion of Ms. Nicholson, Plaintiff's supervisor, was contradicted by the evidence of record.

VI. The Magistrate Judge properly found that the ALJ had included those impairments in his hypothetical question to the vocational expert that were supported by the record.

### Findings of the Court

Pursuant to 28 U.S.C. Section 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. After reviewing the entire administrative record, the original Report and Recommendation of the Magistrate Judge [Document 19], the subsequent Memorandum, Opinion, and Report and Recommendation of the Magistrate Judge [Document 22], Plaintiff's original Objections [Document 20], Plaintiff's subsequent Objections [Document 23], and the Commissioner's Response [Document 24], the Court makes the following findings:

1. **The Court finds** that the Commissioner gave insufficient reasons for rejecting the medical opinions of Plaintiff's treating physicians, Dr. Ahmed and Dr. Mathias. Dr. Anwar Ahmed, a neurologist at the Cleveland Clinic who had treated Plaintiff for two years and was part of a team which had treated Plaintiff for Parkinson's disease over an eight year period, had opined in a Listing Questionnaire that Plaintiff's Parkinson's disease met or equaled Listing 11.06. Plaintiff had left upper extremity dysfunction of moderate cogwheel rigidity on the left side, slowness in finger tapping bilaterally, tremor in left left and arm, decreased dexterity in the hands, and decreased stride, freezing, and hesitancy of gait. R. 309-310. Dr. Mathias, the primary care

physician, had completed a Residual Functional Capacity Assessment in which he opined that Plaintiff would need the opportunity to recline during the day, would require frequent rest periods sitting, and could not use his hands for repetitive actions such as grasping, arm controls, or fine manipulation such as typing. R. 300-302. Pursuant to the Commissioner's regulations of **20 C.F.R. 404.1427(a) (2) and (d)**, and the Commissioner's Ruling **SSR 96-5p**, these medical opinions were entitled to great weight and deference. The ALJ ignored much evidence in the record which supported these opinions. The Court finds that the ALJ's reasons for rejecting these opinions are insufficient to overcome the deference due them, and thus, the ALJ's findings regarding these opinions are not supported by substantial evidence.

2. **The Court finds** that because the ALJ's rejection of the opinion of Dr. Ahmed was not supported by substantial evidence, it follows that the ALJ's finding that Plaintiff's Parkinson's disease did not satisfy the requirements of Listing 11.06 was not supported by substantial evidence.

3. **The Court finds** that because the ALJ's rejection of the medical opinions of the treating physicians was not supported by substantial evidence, that it is unnecessary for the Court to rule upon the issue of recontacting the treating physicians pursuant to the Commissioner's Social Security Ruling **SSR 96-5p**.

4. and 5. **The Court finds** that ALJ's credibility findings are not supported by substantial evidence. Plaintiff suffered from Parkinson's disease for which he had been treated for eight years at the Cleveland Clinic. The progression of his symptoms was recorded in the treatment notes of that clinic, among them the notes of Dr. Anwar Ahmed. Plaintiff alleged and the case record indicates that he continued working for years after the onset of Parkinson's disease until

the disease progressed to the point that he could not sustain the keyboarding, maintain his work quota, and sustain concentration for a full workday due to waxing and waning of his symptoms when his medication wore off between doses. His supervisor's letter described the deterioration of Plaintiff work ability, particularly in keyboarding and in maintaining concentration and pace. Plaintiff had worked steadily as a state government employee for a period of thirty-four years. Prior to this, he spent six years in military service and was a veteran of the Vietnam War. Courts have consistently ruled that a claimant's good work history is entitled to substantial credibility when a claimant asserts an inability to work. **Schaal v. Apfel, 134, F. 3d 496 (2nd Cir.1998); Rivera v. Schweiker, 717 F. 2d 725; Weber v. Masserari, 156 F. Supp. 475 (E.D.Pa. 2001); Allen v. Califano, 613 F. 2d 139 (6th Cir. 1980).** The ALJ herein, although he performed a *pro forma* analysis of credibility which satisfied the technical requirements of **Craig v. Chater, 76 F. 3d 585 (4th Cir. 1996)**, ignored or gave inadequate reasons for rejecting important evidence supporting Plaintiff's credibility, particularly the evidence of his past reliability in over forty years of public employment/military service and the detailed opinion of his supervisor.

6. **The Court finds** that the ALJ's finding that Plaintiff could perform past relevant work, which was sedentary, skilled, and involved significant keyboarding, is not supported by substantial evidence. The Court has found that substantial evidence did not support the ALJ's rejection of the medical opinions of Dr. Ahmed and Dr. Mathias and that substantial evidence did not support the ALJ's credibility finding. These doctors opined and Plaintiff asserted that Plaintiff's hand function was impaired and he could not sustain keyboarding. It follows that the ALJ's finding that Plaintiff could perform past relevant work requiring significant keyboarding is not supported by substantial evidence.

7. **The Court finds** that the ALJ's RFC assessment as contained in the hypothetical question to the vocational expert which was relied upon by the ALJ was not supported by substantial evidence. The ALJ found an RFC for skilled sedentary work without any non-exertional manipulative limitations such as in keyboarding resulting from Parkinsons' disease, or any limitations in sustaining concentration and pace sufficient for skilled work. Because the Court has found that substantial evidence did not support the ALJ's rejection of the opinions of the treating physicians and did not support the credibility findings of the ALJ, it also follows that substantial evidence does not support the ALJ's hypothetical question to the vocational expert nor the RFC upon which the hypothetical question was based, particularly the omission of any manipulative limitations in keyboarding.

It is therefore ORDERED that the final decision of the Commissioner dated 9/16/03 be REVERSED and this matter REMANDED to the Commissioner for further action consistent with the Findings of the Court. It is noted that the Commissioner has awarded benefits to the Plaintiff pursuant to a subsequent application for disability insurance benefits. This ORDER of the Court pertains to the period prior to the Commissioner's final decision of 9/16/03 on the claim before this Court and does not disturb the action of the Commissioner on the subsequent application.

The Clerk of Court is directed to transmit copies of this Order to counsel of record herein.

ENTER: *September 28, 2007*

*[signature]*
United States District Judge